IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> GREGORY PAUL MAHRT, ) <br> ) <br> Defendant. ) <br> ) | Case No. CR-23-122-D |

**ORDER**

Before the Court is Movant William Richards' Motion for Return of Property [Doc. No. 34]. The Government filed a Response [Doc. No. 35], and Movant filed a Reply [Doc. No. 36]. The matter is at issue.

BACKGROUND

Movant seeks the return of property seized by law enforcement during an investigation that resulted in Defendant Gregory Paul Mahrt's arrest and conviction for violation of 18 U.S.C. § 922(g)(1), felon in possession of a firearm. Movant states that various items were seized from him on October 17, 2022, and from his property on January 31, 2023, when a search warrant was executed at Movant's home. [Doc. No. 34, at ¶¶ 1-3]. According to the probable cause affidavit [Doc. No. 1], Defendant lived with Movant. Movant's request seeks the return of two categories of property: 1) a Glock, model 43X, 9x19 mm Caliber Pistol (Glock), which has been administratively forfeited by the Bureau of Alcohol, Tobacco, and Firearms (ATF) [Doc. No. 32]; and 2) remaining items listed in the "Property Seizure List" attached to Movant's Reply [Doc. No. 36-1].

1

On April 4, 2023, Defendant pleaded guilty to knowingly possessing the Glock in violation of § 922(g)(1) and awaits sentencing. On April 25, 2023, the Government filed a Notice Regarding Forfeiture [Doc. No. 32], by which the Government informed the Court that ATF had administratively forfeited the Glock. ATF's Declaration of Administrative Forfeiture reflects the forfeiture and states that notice of the action "was sent to all known parties who may have a legal or possessory interest in the property in accordance with law" and "was posted on an official internet government forfeiture site for at least 30 consecutive days" as required by 19 U.S.C. §§ 1602-1621 and 18 U.S.C. § 983 [Doc. No. 32-1].

## STANDARD OF DECISION

Under Fed. R. Crim. P. 41(g), "[a] person aggrieved … by the deprivation of property may move for the property's return." "A district court should exercise its equitable power to grant relief only if the Rule 41(g) movant shows 'irreparable harm and an inadequate remedy at law.'" *United States v. Soto-Diarte*, 370 F. App'x 886, 887 (10th Cir. 2010) (unpublished) (quoting *United States v. Copeman*, 458 F.3d 1070, 1071 (10th Cir. 2006)). "Rule 41(g) jurisdiction should be exercised with caution and restraint, and the district court should dismiss a Rule 41(g) motion if the movant has failed to make this showing." *United States v. Bacon*, 900 F.3d 1234, 1237 (10th Cir. 2018) (quoting *Floyd v. United States*, 860 F.2d 999, 1003 (10th Cir. 1988)) (internal quotation marks omitted).

## DISCUSSION

**I.      Glock**

Movant has failed to show that he has an inadequate remedy at law with respect to the return of the Glock, which was administratively forfeited by the ATF. "A motion filed

under 18 U.S.C. § 983 is the 'exclusive remedy for seeking to set aside a declaration of forfeiture under a civil forfeiture statute.'" *United States v. Tingiero-Poras*, 378 F. App'x 850, 851 (10th Cir. 2010) (unpublished) (citing 18 U.S.C. § 983(e)(5)). Under Section 983, "[a]ny person entitled to written notice in any nonjudicial civil forfeiture proceeding … who does not receive such notice may file a motion to set aside a declaration of forfeiture with respect to that person's interest in the property…." 18 U.S.C. § 983(e)(1). "[W]here the property sought to be returned has been administratively forfeited, the Court should not exercise Rule 41[(g)] jurisdiction if the movant has failed to challenge the forfeiture through the appropriate administrative and judicial procedures." *United States v. Deninno*, 103 F.3d 82, 84 (10th Cir. 1996).[1]

In this case, Movant has an adequate remedy at law under Section 983, under which he may move to set aside the declaration of forfeiture for lack of notice. *See* 18 U.S.C. § 983(e)(1). Additionally, as raised in the Government's Response, the Government sent a Standard Petition for Remission/Mitigation Form to Movant's counsel for Movant to request the return of the forfeited Glock with a specific asset identification number, and Movant has since filled out that form. As Movant has adequate remedies under which he can – and is – seeking the return of the Glock, a Rule 41(g) motion is not proper. *Copeman*, 458 F.3d at 1071 ("[A] Rule 41(g) motion should be dismissed if the claimant has an

---

[1] The Court may consider "collateral due process attacks; that is, deciding whether the forfeiture offended due process rights." *Deninno*, 103 F.3d at 84. However, the Court finds Movant's one-sentence allegation that he did not receive "actual notice" of the administrative forfeiture, raised for the first time in his Reply, insufficient to constitute a collateral due process attack on ATF's administrative forfeiture.

3

adequate remedy at law."). Accordingly, Movant's Rule 41(g) motion with respect to the Glock is **DENIED**.

## II.     Remaining Items

Movant also seeks the return of several items specified in his Reply [Doc. No. 36-1, Property Seizure List]. Although Movant did not sufficiently specify the items in his Motion, the Government does not object to the return of the items. [Doc. No. 35] ("The United States does not object to other items in Movant's motion that he has requested to be returned."). Accordingly, Movant's motion for return of the items listed in the Property Seizure List [Doc. No. 36-1], to the extent the items are in the Government's possession, is **GRANTED**.

**IT IS THEREFORE ORDERED** that the Government is directed to return the items listed in the Property Seizure List [Doc. No. 36-1] within thirty (30) days of the date of this Order. Should the Government dispute the contents of the Property Seizure List or contend that any of the items are no longer in the Government's possession, the Government shall so state within fourteen (14) days of the date of this Order.

**IT IS SO ORDERED** this 12th day of July, 2023.

_____
TIMOTHY D. DeGIUSTI
Chief United States District Judge